# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No.: 5:15-cr-00011-JMC |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Charles H. Williams, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Defendant Charles H. Williams' ("Defendant") Motion to Clarify Sentence. (ECF No. 125.) Defendant's Motion seeks to clarify that he is entitled to credit for time served as to the probation and hunting ban portion of his sentence, or in the alternative, for a reconsideration of a hunting ban and probation. (*Id.*) Further, Defendant requests that should the court continue him on probation, that there be no prohibition from Defendant possessing firearms during the pendency of probation. (*Id.*) For the reasons set forth below, the court **CLARIFIES** Defendant's sentence, but **DENIES** the additional relief requested (ECF No. 125).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Government filed an information charging Defendant with seven counts of participating in, and aiding and abetting, the unlawful taking of a migratory bird, in violation of 16 U.S.C. §§ 703(a), 707(a); 18 U.S.C. § 2; and 50 C.F.R. § 10. (ECF No. 1.) The statutory penalty for each of the violations charged is a fine of not more than $15,000, or imprisonment for not more than six months, or both. 16 U.S.C. § 707(a). On the same day the information was filed, a penalty sheet also was filed, stating that the maximum possible term of imprisonment for each count was six months and the maximum possible fine for each count was $15,000. (ECF No.

1

2.) The case initially was assigned to Magistrate Judge Paige J. Gossett and then was reassigned to Magistrate Judge Shiva V. Hodges. (ECF Nos. 11, 43.)

Defendant consented to the preparation of a presentence investigation report ("PSR") prior to an adjudication of guilt (ECF No. 51 at 3, 6) and later pled guilty, without a plea agreement, to all seven counts against him (ECF Nos. 62, 63). The PSR noted that the maximum statutory penalty for each of the violations is a fine of not more than $15,000, imprisonment for not more than six months, or both. (ECF No. 68 at 1-3, 14-15 (citing, *inter alia*, 16 U.S.C. § 707(a); ECF No. 68-2 at 1.) In its sentencing memoranda, the Government again asserted that the maximum statutory penalty for each count is a six-month term of imprisonment and a $15,000 fine. (*See* ECF No. 56 at 1, 5.) At the sentencing hearing, the Magistrate Judge twice explained to Defendant that "the maximum penalty for each [count against him] is six months imprisonment [and a] $15,000 fine." (ECF No. 80 at 14, 55.) Ultimately, the Magistrate Judge's sentence included no term of imprisonment, but it did include a total fine amount of $75,000.[1] (ECF No. 72; *see* ECF No. 75; ECF No. 80 at 55-56).

Defendant timely filed an appeal to this court (ECF Nos. 71, 81), which has jurisdiction pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B) and 18 U.S.C. §§ 3402, 3742(h). Subsequently, Defendant's counsel requested a stay of sentence during the appeal (ECF No. 82), which the court granted (ECF No. 86).

On January 5, 2017, the court ordered the parties to show cause why Defendant's judgment of conviction and sentence by the Magistrate Judge should not be vacated and directed them to file supplemental briefs on the issue. (ECF No. 89.) Although not raised by the parties in their initial

---

[1] It is not clear how the total amount was apportioned among the counts of conviction. Assuming an equal apportionment, the Magistrate Judge imposed a fine of $10,714 and change for each count.

briefing, the court noted that it appeared from the record that the Magistrate Judge had failed to comply with 18 U.S.C. § 3401(b), such that she was precluded from exercising jurisdiction in the matter because she had not obtained Defendant's express consent to be tried by the Magistrate Judge following her careful explanation that Defendant may elect to be tried and sentenced by a district judge. (*Id.*); *see* 18 U.S.C. § 3401(b). Thereafter, on February 2, 2017, the court vacated Defendant's judgment of conviction and sentence and remanded to the Magistrate Judge for further proceedings consistent with the court's Order. (ECF No. 94.) On February 17, 2017, Defendant invoked his right to be tried and sentenced by a district court judge. (ECF No. 100.) On September 26, 2017, this court sentenced Defendant. (ECF No. 122.)

## II. ANALYSIS

Defendant is to serve a one-year probation with a hunting ban and a $30,000.00 fine, with the understanding that the U.S. Probation Office would give credit for any time Defendant was previously under its supervision. (ECF No. 122.) Defendant states in his affidavit that he was never told he was not under supervision (ECF No. 122-1); however, the court astutely notes that it was Defendant's counsel who requested a stay of sentence during the appeal (ECF No. 82). As such, Defendant's period of probation was tolled during the stay. Since the date of the hearing, the court inquired with the U.S. Probation Office and understands that Defendant initially reported to the U.S. Probation Office, but was told on numerous occasions that he was sending in monthly reports and seeking travel permission on his own accord after his stay of sentence was approved on July 19, 2016. Thus, the court has no evidence before it of any particular amount of credit to be accorded to Defendant, and must leave such credit to the discretion of the U.S. Probation Office.

As to the issue of firearms possession by Defendant, while the standard conditions of supervision prohibit Defendants from firearms possession, the court acknowledges that Defendant

3

has no prior felony convictions, and because he pled guilty to misdemeanor charges, the court finds he is not prohibited from possessing firearms.

Under 18 U.S.C. § 3553(a)(6), "the court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The co-defendants in this case were charged with one count of the same offense and were also sentenced to one-year probation, during which time they are prohibited from hunting any wildlife nationally or internationally for one year.[2] (ECF Nos. 73, 74.) The court is convinced that Defendant's sentence is fair and prevents sentence disparities among the co-defendants, particularly because the activities alleged in the Information occurred on Defendant's property and at his direction.

### III.   CONCLUSION

Based on the foregoing, the court **CLARIFIES** Defendant's sentence, but **DENIES** the additional relief requested (ECF No. 125).

**IT IS SO ORDERED.**

United States District Judge

October 18, 2017
Columbia, South Carolina

---

[2] The third co-defendant's sentencing hearing was stayed. (ECF No. 119.)